**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **DEANNA HINES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FETCH REWARDS, LLC,**<br><br>**Defendant.** | **CIVIL ACTION FILE**<br>**NO. 1:26-CV-02447-SDG-JEM** |

**ORDER**

Pending before the Court is Plaintiff's Motion to Quash Subpoena or, in the Alternative, for Protective Order. (Doc. 13.) Plaintiff seeks an order quashing or barring enforcement of the subpoena duces tecum that Defendant issued on September 17, 2026, to United Agent Group, Inc. c/o Zillow Group, Inc. ("Zillow"), Plaintiff's current employer. (*Id.*)[1]

---

[1] "[A] party has standing to challenge a subpoena when she alleges a 'personal right or privilege with respect to the materials subpoenaed.'" *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 555 n.3 (N.D. Ga. 2001) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). "Courts addressing the issue of standing to object to third-party subpoenas for employment-related records have noted that 'an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena.'" *Bahrami v. Maxie Price Chevrolet-Oldsmobile, Inc.*, No. 1:11-CV-4483-SCJ-AJB, 2013 U.S. Dist. LEXIS 189691, at *5-6 (N.D. Ga. June 19, 2013) (quoting *Barrington v. Mortg. IT, Inc.*, No. 07-61304-CIV, 2007 U.S. Dist. LEXIS 90555, 2007 WL 4370647, at *2 (S.D. Fla. Dec. 10, 2007) (collecting cases); citing *Singletary v. Sterling Transp. Co., Inc.*, 289 F.R.D. 237, 239 (E.D. Va. 2012)). *See Chamberlain v. Farmington Sav. Bank*, No. 3:06CV01437 (CFD), 2007 U.S. Dist. LEXIS 70376, 2007

A motion to quash a subpoena is governed by Rule 45 of the Federal Rules of Civil Procedure. Under Rule 45, a subpoena must be quashed or modified if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "While Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses." *Collens v. City of N.Y.*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) (citations omitted).

Upon the parties' request, the Court held a hearing on this motion on October 14, 2026. (*See* Dkt.) During the hearing, the Court made findings on each topic in the subpoena. (Doc. 16.) The Court found that Defendant was not entitled to certain documents because they were neither relevant nor proportional to the needs of this case, and the Court found that Defendant could obtain the documents it was entitled to from Plaintiff rather than through a subpoena to Plaintiff's current employer. (*Id.*) The Court ordered that, by October 16, 2026, Plaintiff was required to produce those documents to Defendant and the parties were required to advise the Court of what documents had been produced and what documents, if any, remained outstanding. (*Id.*) The

---

WL 2786421, at *1 (D. Conn. Sept. 25, 2007) ("The plaintiff clearly has a personal right with respect to information contained in his employment records.").

parties complied with that Order and advised the Court that Plaintiff had produced all but one category of documents, which Plaintiff expected to produce on October 19, 2026. (Doc. 18.)

Because Defendant has received, or will imminently receive, all of the documents it sought in the subpoena to Zillow which it is entitled to pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff's Motion to Quash, (Doc. 13), is **GRANTED**. *See StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.*, No. 8:13-CV-2240-T-33MAP, 2014 U.S. Dist. LEXIS 191885, 2014 WL 12621582 at *2 (M.D. Fla. June 13, 2014) (quashing non-party subpoena "in light of the fact the parties have not produced documents to each other yet, and because the non-party request propounded are overbroad and burdensome"); *AssuredPartners, LLC v. Edgewood Partners Ins. Ctr., Inc.*, No. 4:24-CV-01711 SEP, 2025 U.S. Dist. LEXIS 122562, 2025 WL 1797460 at *2 (E.D. Mo. June 27, 2025) ("A subpoena is unduly burdensome on a non-party if the information can be obtained from a party to the litigation.").

**SO ORDERED** October 20, 2026.

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE